[Civ. No. 11631. Second Appellate District, Division Two.—March 1, 1938.]

MEARL ALLEN, Respondent, v. JOHN C. CORBETT et al., Appellants.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Appellants.

Frank L. Stearns for Respondent.

WOOD, J.—Petitioner commenced this proceeding in the superior court to obtain a writ of mandate compelling the

Board of Equalization to reinstate him to the position of collector and to pay to him his accrued salary. Other officers and boards are joined for the purpose of enforcing the judgment. From a judgment in favor of petitioner the defendants have appealed.

The position to which petitioner seeks reinstatement comes within the provisions of the state Civil Service Act and the constitutional amendment added in December, 1934. Petitioner was given a temporary appointment to the position on May 11, 1935, at which date no examination had been held and consequently there was no eligible list from which an appointment could be made. On June 20, 1935, the Personnel Board, successor to the civil service commission, having conducted an examination for the position of collector, certified to the Board of Equalization a list of twenty-five eligibles to fill twenty-three positions. The petitioner was not certified at this time, since he had been given a rating as number thirty on the list made up following the examination. Seven persons who had been certified on June 20th waived appointment and on August 1, 1935, a supplemental certification of eligibles was made, the name of petitioner appearing therein. Following the supplemental certification petitioner was appointed to the position of collector on September 1, 1935. Petitioner had been actually employed continuously from May 13, 1935. The Board of Equalization at its meeting on January 6, 1936, adopted a resolution dismissing petitioner from his position on account of unsatisfactory service during his probationary period.

█ It is conceded that if petitioner had served as a probationary employee for six months prior to January 6, 1936, the dismissal by the board at that time would not be effective to sever his connection with the state service. On the other hand, the board doubtless had the right to order the dismissal of petitioner, if it found his services to be unsatisfactory, at any time within the period of six months following his appointment under certification. To determine petitioner's rights, therefore, we must determine the date of the commencement of his probationary period.

█ At the election held November 6, 1934, article XXIV was added to the Constitution of California, relating to civil service employees. By this amendment the Personnel Board was created and was given the jurisdiction theretofore exer-

cised by the civil service commission. In section 4 (c) of article XXIV it is provided: "The rules, regulations, classes and grades of positions heretofore lawfully adopted by the state officer or agency heretofore administering said laws are continued in force and upon the effective date hereof the same shall become the rules, regulations, classes and grades of positions of the board herein created subject to change by said board in the exercise of its powers herein conferred or as may be hereafter provided by law." The rules of the civil service commission in effect at the time of the adoption of the constitutional amendment provided: "All appointments from eligible lists for original entrance or promotion shall be for a probationary period of six months, which probationary period shall not include the time served as a temporary or emergency appointee, but shall date from the time of appointment to a permanent position after certification." It is manifest from the rule just quoted that petitioner cannot count as part of his probationary period the time served by him as a temporary appointee. His probationary period must necessarily begin to run "from the time of appointment to a permanent position after certification". Petitioner was not certified until August 1, 1935, and his appointment was made on September 1, 1935. It follows that the action of the board on January 6, 1936, was taken during the probationary period of six months.

Petitioner claims that no resolution was passed by the board in August or September concerning his appointment and that the appointment of September 1, 1935, was by the board's secretary only. No benefit can accrue to him from this contention, since if the action of the secretary was ineffectual he could not show that any appointment whatever was made after certification.

The judgment is reversed.

Crail, P. J., and McComb, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1938.